Leola CARTER, et al

v.

JOHNS-MANVILLE SALES CORP.

Civ. A. No. B–79–238–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

March 1, 1983.

Marlin Thompson, Stephenson, Thompson & Dies, Orange, Tex., for plaintiff.

John G. Bissell, Strong, Pipkin, Nelson, Parker & Bissell, Beaumont, Tex., for defendant.

MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

The parties to this, cause have stipulated to certain facts, for purposes of this cause

only, to perfect an appeal of the issue whether a manufacturer may defeat a strict liability claim, based in part on lack of adequate warnings on its products containing asbestos, by proving that it did not know and, held to the knowledge and skill of an expert, could not reasonably have known or foreseen the potential dangers of exposure to such products. This is what asbestos defendants refer to as the "state of the art" defense. For reasons set forth below, the Court holds that this defense need not defeat an asbestos-related claim based on strict liability in tort, depending on the form in which the claim is brought. The Court dismisses the claim that defendant's products are unreasonably dangerous because defendant failed to warn of foreseeable dangers involved in using its products. Subject to the automatic stay provisions of Chapter 11 of the Bankruptcy Code, plaintiff is free to pursue her remaining claim that defendant's products were unreasonably dangerous because the danger involved in using them outweighs their utility to society.

While working as a rigger from 1942 to 1946 in Consolidated Shipyard in the City of Orange, Texas, Elbert Blackwell, plaintiff's decedent, used asbestos-containing insulation products manufactured and sold by defendant, Johns-Manville Sales Corp. Through the use of those products he was exposed to asbestos fiber dust, and contracted the disease of mesothelioma, from which he died. Exposure to defendant's products was a producing cause of Mr. Blackwell's illness and death.

## FAILURE TO WARN AND THE EVOLUTION OF STRICT LIABILITY

For purposes of this cause, the parties have stipulated, and the Court assumes arguendo, that defendant did not know of the dangers involved in using its products, nor could it have reasonably known of them or foreseen them, even held to the knowledge and skill of an expert. Defendant contends that such a finding precludes its products from being defective and unreasonably dangerous under the law of strict liability in

Texas. Defendant apparently relies on a line of cases holding that a manufacturer has a duty to warn of dangers inherent in the use of its product that either are known to it or should be known to it. *Bristol Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex.1978); *Crocker v. Winthrop Laboratories*, 514 S.W.2d 429, 433 (Tex.1974); *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 201 (Tex.Civ.App.—Corpus Christi 1978), writ ref'd n.r.e.; *Ford Motor Co. v. Russell & Smith Ford Co.*, 474 S.W.2d 549, 557–58 (Tex.Civ.App.—Houston 1971), no writ; *Flanery v. Terry Farris Stores, Inc.*, 438 S.W.2d 864, 869 (Tex.Civ.App.—Corpus Christi 1969), no writ; *Muncy v. Magnolia Chemical Co.*, 437 S.W.2d 15, 17 (Tex.Civ. App.—Amarillo 1968), writ ref'd n.r.e.; *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1989–90 (5th Cir.1973).

This line of cases reaches back to a time before Texas' adoption of strict liability under Section 402A. At that time, liability for manufacturing or selling an unreasonably dangerous product that caused injury, whether the product was unreasonably dangerous due to a defect in design, a defect in the manufacturing process, or a defect in failing to include an adequate warning, required findings that the defendant was *negligent* and that such negligence was a *proximate* cause of the plaintiff's injuries. *See, e.g., Texas Bitulithic Co. v. Caterpillar Tractor Co.*, 357 S.W.2d 406, 409 (Tex.Civ. App.—Dallas 1962), writ ref'd n.r.e.; *S. Blickman, Inc. v. Chilton*, 114 S.W.2d 646 (Tex.Civ.App.—Austin 1938), no writ; *Ford Motor Co. v. Mathis*, 322 F.2d 267, 272–74 (5th Cir.1963). These findings, in turn, entailed a finding that the dangers were reasonably foreseeable to the defendant.

With the adoption of strict liability in tort in Texas, in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967), the focus for liability shifted from the conduct of the defendant to the condition of the defendant's product. *See Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 749 (Tex.1980); *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex.1978). While liability in a negligence case rests on wheth-

er the defendant acted as a reasonable person would have, in light of what it knew or should have known, liability in a strict liability case rests on whether a prudent manufacturer, *if* it were aware of the dangers involved in using its products *as those dangers are now known, from hindsight,* would have placed the products into the stream of commerce.

> [The supplier's] liability is not rested upon what he knew or should have known when he manufactured or sold the product; it rests on his placing into the stream of commerce a product which is determined at trial to have been dangerous. The damaging event may not have been reasonably foreseeable at the time of the manufacture or sale because the dangerous factor of the product might not then have been even reasonably knowable. The supplier would thus be free of culpability, but a price of his doing business is to protect people from danger from his products—or to pay.

*General Motors Corp. v. Hopkins,* 548 S.W.2d 344, 351 (Tex.1977). The "prudent manufacturer" test used in strict liability cases already incorporates the "reasonable man" test used in negligence cases. The difference is that in a strict liability case, the defendant's awareness of the danger is hypothesized, and therefore the plaintiff need not prove that the danger was foreseeable. To permit the defendant to defeat a strict liability claim by proving that it could not have foreseen the danger, in effect by proving that it was not negligent, would fly in the face of the entire history of the evolution of strict liability in tort. *See McKisson, supra; Greenman v. Yuba Power Products, Inc.,* 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962).

■ Unlike the design defect case and the manufacturing defect case, in which the shift in focus in response to the emergence of strict liability was rapid and smooth, the failure to warn case never made the transition in Texas, and remains something of a legal anomaly. At least one other jurisdiction has brought the failure to warn case in line with other strict liability cases. *Besha-*

*da v. Johns-Manville Products Corp.,* 90 N.J. 191, 447 A.2d 539 (1982). In Texas, however, a product may be defective and unreasonably dangerous *due to failure to warn* of the dangers involved in using it only if the dangers were foreseeable to the manufacturer at the time it marketed the product. *Bristol-Myers v. Gonzales,* 561 S.W.2d 801, 804 (Tex.1978); *Crocker v. Winthrop Laboratories,* 514 S.W.2d 429, 433 (Tex.1974); *Rawlings Sporting Goods Co. v. Daniels,* 619 S.W.2d 435, 439 (Tex.Civ.App.—Waco 1981), writ ref'd n.r.e.; *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1090 (5th Cir.1973). The manufacturer is held to the knowledge and skill of an expert, and is required to test its products and keep abreast of scientific discoveries related to its products, but has a duty to warn only of dangers that the exercise of reasonable foresight would have revealed. *Borel, supra* at 1089–90.

■ Thus, in Texas, two elements must be satisfied for a product to be defective and unreasonably dangerous due to lack of adequate warning of the dangers involved in using it:

1) the danger was reasonably foreseeable to a manufacturer held to the knowledge and skill of an expert; and

2) a prudent manufacturer, if it were aware of the danger, would not have marketed the product without supplying an adequate warning of the danger.

The combined effect of these two elements is to render the test for whether a product is defective and unreasonably dangerous due to lack of adequate warning indistinguishable from a negligence test. As there has been no indication that the Texas Supreme Court would overrule its prior holdings which infuse the negligence concept of foreseeability into the law of strict liability, this Court follows the law as clearly stated in those prior holdings, as it must. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Richards v. Southern Pacific Transportation,* 666 F.2d 99, 107–08 (5th Cir.1982); *Bailey v. Southern Pacific Transportation Company,* 613 F.2d 1385, 1388 (5th Cir.), *cert. denied,* 449

U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980). The parties having stipulated that defendant did not know of and, held to the knowledge and skill of an expert, could not have reasonably foreseen the dangers involved in using its products, plaintiff cannot recover on a theory of strict liability for lack of adequate warning.

## STRICT LIABILITY FOR DEFECTIVE DESIGN

■ Plaintiff also claims, however, that defendant's products were defective and unreasonably dangerous *as designed,* in that the danger involved in using them outweighed their utility to society. This claim is independent of the claim based on lack of adequate warning, see, e.g., *Borel, supra* at 1091, 1105–06, and does not depend on a finding that the danger was foreseeable, *see, e.g., Hopkins, supra* at 351. Even in a design defect case, however, whether the product contained a warning and the nature of the warning are relevant to the issue of whether the product was unreasonably dangerous. A warning that alerted users to the dangers involved in using the product and instructed them in how to avoid those dangers could significantly reduce those dangers without impairing the utility of the product to society. Therein lies the rub.

A warning is only one of a product's many design attributes that weigh in the balance of dangers against utility to determine whether the product is unreasonably dangerous, but could be a pivotal design attribute in a particular case. A product could be such that with no warning its dangers outweigh its utility, but that a sufficient warning would reduce those dangers to the point that they are outweighed by the product's utility. A manufacturer is entitled to defend a strict liability claim based on defective design by showing that a warning accompanied the product that reduced its dangers. A manufacturer is not entitled, however, to attempt to reduce those dangers with hypothetical warnings that did not in fact accompany the product as marketed, merely because the manufacturer could not foresee the dangers and therefore could not have known of them. To permit the manufacturer to do so would simply reinject the element of foreseeability into the theory of strict liability for defective design, and revert that theory into one of negligence. The fact that a danger may not have been foreseeable to the manufacturer has no bearing on the magnitude of that danger.

For the same reasons that a manufacturer is entitled to show that a warning accompanied a product, a plaintiff is entitled to show that no warning accompanied a product or to show the shortcomings of any warning. The lack or insufficiency of warning on a product is relevant to the balance of dangers against utility as proof that the dangers were *not* reduced.

■ A manufacturer may assert a state of the art defense in a design defect case, but such a defense would differ from the sort that defendant attempts to assert here. A state of the art defense to lack of warning would be that, under the technological capabilities existing at the time the product was marketed, it was unfeasible to include a warning on the product: either that a warning could not be included on the product, or that including one would make the product less useful to society. *See Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 745–48 (Tex.1980). Unfeasibility of a warning is not actually a defense, but merely another of the product's attributes to weigh in the balance of dangers against utility. It is relevant to the product's utility—evidence that the alternative to marketing the product with no warning would be to not market it at all or to market it in a less useful form. *See Id.* at 749. A manufacturer may not assert this defense, however, merely by claiming that the dangers of which it did not warn were not foreseeable at the time of marketing. The manufacturer would have to claim that, even if the danger was in fact foreseeable, it was not feasible to have included a warning on the product, in that there did not exist the technological capability to have done so, at least not without making the product less useful to society. Foreseeability is know-

of; true state of the art is know-how. Know-of has no place in a strict liability case based on defective design.

## SUMMARY

A strict liability case based on lack of adequate warning may be defended by an assertion that the manufacturer, held to the knowledge and skill of an expert, could not have reasonably foreseen the danger. In a strict liability case based on defective design, however, such an assertion, called by state of the art or by whatever name, is irrelevant and impermissibly prejudicial; to permit such an assertion would encourage the jury's focus for liability to improperly stray from the condition of the product to the conduct of the manufacturer. In a case brought on both warning and design theories of liability, the assertion of unforeseeability and the evidence supporting it will apply only to the warning theory, and the Court will instruct the jury accordingly.

For the foregoing reasons, the Court holds that the stipulation that defendant, held to the knowledge and skill of an expert, could not reasonably have known of or foreseen the dangers involved in using its products does not defeat plaintiff's claim that defendant's products were defective and unreasonably dangerous as designed, and is in fact irrelevant to that claim. Plaintiffs' claim that defendant's products were defective and unreasonably dangerous because they lacked an adequate warning is DISMISSED. Plaintiff's claim that defendant's products were defective and unreasonably dangerous as designed, and all further proceedings in this cause on the basis of this memorandum opinion and order, are STAYED under the provisions of Chapter 11 of the United States Bankruptcy Code, pending further order of the Court.