Mrs. Emma Jean **HALPHEN,**
**Plaintiff-Appellee,**

v.

**JOHNS–MANVILLE SALES CORPORATION, Defendant-Appellant.**

**No. 82–3388.**

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1985.

Strong, Pipkin, Nelson, Parker & Bissell, John G. Bissell, Michael L. Baker, Beaumont, Tex., for defendant-appellant.

Kermit A. Doucet, Lafayette, La., Helm, Pletcher, Hogan & Burrow, Stephen W. Hanks, Houston, Tex., for plaintiff-appellee.

Robert S. Rooth, New Orleans, La., for amicus curiae Owens-Illinois, Inc.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS and HILL; Circuit Judges.

PER CURIAM:

Consistent with our recent determination to certify certain questions to the Supreme Court of Mississippi in *Jackson v. Johns-Manville Sales Corp., Et Al.,* 727 F.2d 506 (5th Cir.1984), acting en banc, we now recall the panel opinion in this case published at 737 F.2d 462, in order that we might certify the essential question raised in this litigation to the Supreme Court of Louisiana. It is the judgment of the en banc court that the direction and guidance of Louisiana's highest court on controlling and dispositive questions of Louisiana law should be sought pursuant to the provisions of Rule XII of the Louisiana Supreme Court Rules.

This diversity case is one of a multitude of asbestos cases, presently filed and reasonably anticipated, in which injured plaintiffs, or their survivors, have or will seek damages for injuries associated with exposure to asbestos. Emma Jean Halphen is such a plaintiff. At trial she was awarded damages as a consequence of her husband's illness and death from malignant mesothelioma after exposure to asbestos. On appeal, a divided panel of this court affirmed, holding that "in a strict products liability case, the manufacturer is presumed to know the defects of its product" and that the "injured party need only show that the injury would reasonably be foreseeable to one with knowledge (actual or imputed) of the defect." 737 F.2d at 465. The dissent viewed the case as a notice case and was of the view that although under Louisiana law a manufacturer is presumed to know of the design or manufacturing defects, it is not liable for failing to warn of a potential danger unless it knew or should have known of the danger. 787 F.2d at 470.

Because of the importance of the issue presented, including the large number of people affected and the enormous economic impact of their claims, and the fact that the panel found "no clear controlling precedents" of the Supreme Court of Louisiana and was obliged to take a substantial predictive step on the path Louisiana might be expected to travel, we conclude that in this diversity case certification is the appropriate course.

In accordance with our usual practice, we direct the parties to submit a joint statement of facts and stipulated questions to be certified to the Supreme Court of Louisiana. This is to be done promptly and the clerk of this court is directed to set an appropriate schedule and notify counsel. Upon receipt of the parties' response, we will transmit to the Supreme Court of Louisiana the formal certificate together with the record in this case and all briefs, including any memoranda or briefs that might be filed in conjunction with the joint factual statement and stipulated questions.

CLARK, Chief Judge, joined by GEE, Circuit Judge, dissenting:

For the reasons set out in my dissent to the en banc decision of the court in *Jackson v. Johns-Manville Sales Corporation, et al.*, 750 F.2d 1314 (5th Cir.1985), I dissent.