**Emma Jean HALPHEN,**
**Plaintiff-Appellee,**

v.

**JOHNS–MANVILLE SALES CORPORA-**
**TION, Defendant-Appellant.**

**No. 82–3388.**

United States Court of Appeals,
Fifth Circuit.

March 6, 1985.

Strong, Pipkin, Nelson, Parker & Bissell, John G. Bissell, Michael L. Baker, Beaumont, Tex., for defendant-appellant.

Kermit A. Doucet, Lafayette, La., Helm, Pletcher, Hogan & Burrow, Stephen W. Hanks, Houston, Tex., for plaintiff-appellee.

Robert S. Rooth, New Orleans, La., for Owens-Illinois, Inc., amicus curiae.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS and HILL, Circuit Judges.

PER CURIAM:

In view of the transcending importance of the resolution of the principal issue presented in this diversity case, acting en banc this court determined to certify an inquiry to the Supreme Court of Louisiana pursuant to its Rule XII. *Halphen v. Johns-Manville Sales Corporation,* 752 F.2d 124 (5th Cir.1985).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA

TO THE HONORABLE, THE SUPREME COURT OF THE STATE OF LOUISIANA AND THE HONORABLE, THE CHIEF JUSTICE AND ASSOCIATE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves a question of Louisiana law for which we find neither clear, dispositive statutory provision nor precedent in the decisions of the Supreme Court of Louisiana. As we earlier concluded, resolution of this issue will affect a large number of people and have a potentially enormous economic impact, *Id.* at 125.

1. *Style of the Case*

The certified case is Mrs. Emma Jean Halphen, Plaintiff-Appellee, v. Johns-Manville Sales Corporation, Defendant-Appellant, number 82–3388 on the docket of the United States Court of Appeals for the Fifth Circuit, and is an appeal from the United States District Court for the Western District of Louisiana.

2. *Stipulated Statement of Facts*

This is a strict products liability action for damages from wrongful death between Emma Jean Halphen, Plaintiff, and Johns-Manville Sales Corporation, Defendant, which was tried in the United States District Court for the Western District of Louisiana in Lake Charles, in January, 1982.

Plaintiff's husband, Samuel Halphen, died during the pendency of the lawsuit from a malignant pleural mesothelioma, a cancer of the lining of the lung. Plaintiff alleged that her husband had been exposed to asbestos-containing products sold by Johns-Manville, while working at a shipyard in Orange, Texas in 1945, and at vari-

ous times during his career as a service-man in the Air Force.

The jury found that there was a Johns-Manville product involved which was unreasonably dangerous to normal use under Louisiana standards of product liability, and that such exposure was a proximate cause of his death.

The District Court ruled prior to trial that a manufacturer is conclusively presumed to know of the dangers in the products it sells, whether or not it has or could have acquired actual knowledge about the product's dangers; and excluded all evidence from both sides of whether Johns-Manville knew or could have reasonably anticipated that the harm sustained could result from exposure to its product.

### 3. Question Certified

In a strict products liability case, may a manufacturer be held liable for injuries caused by an unreasonably dangerous product if the manufacturer establishes that it did not know and reasonably could not have known of the inherent danger posed by its product?

In posing this question, we intend no limitation or restriction of the review and consideration of the legal issues presented by the Louisiana Supreme Court, for in light of its understanding and perspective of Louisiana law it might view the essential question differently.

The entire record in this case, together with copies of the briefs of the parties, are transmitted herewith.