**Emma Jean HALPHEN,**
**Plaintiff-Appellee,**

v.

**JOHNS-MANVILLE SALES CORPORA-**
**TION, Defendant-Appellant.**

**No. 82–3388.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1986.

John G. Bissell Strong, Pipkin, Nelson, Parker & Bissell, Michael L. Baker, Beaumont, Tex., for defendant-appellant.

Stephen W. Hanks, Houston, Tex., Kermit A. Doucet, Lafayette, Ld., for plaintiff-appellee.

Robert S. Rooth, New Orleans, La., for Owens-Illinois, Inc., amicus curiae.

Before CLARK, Chief Judge, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

A divided panel affirmed the judgment in favor of Jean Halphen, entered upon a jury verdict, awarding damages against Johns-Manville Sales Corporation for the wrongful death of her husband. 737 F.2d 462 (5th Cir.1984). Acting *en banc*, the court vacated the panel opinion, 752 F.2d 124 (5th Cir.1985), and certified this question to the Supreme Court of Louisiana: "In a strict products liability case, may a manufacturer be held liable for injuries caused by an unreasonably dangerous product if the manufacturer establishes that it did not know and reasonably could not have known of the inherent danger posed by its product?" 755 F.2d 393, 394 (5th Cir.1985).

The Supreme Court of Louisiana accepted our certification under its Rule XII and has now rendered its opinion in response to our inquiry. *Halphen v. Johns-Manville Sales Corporation,* 484 So.2d 110 (La.1986).

The Louisiana Supreme Court answered our certified question as follows:

> In a strict products liability case, if the plaintiff proves that the product was unreasonably dangerous per se (whether because of defective design or another kind of defect) or unreasonably dangerous in construction or composition, a manufacturer may be held liable for injuries caused by an unreasonably dangerous product, although the manufacturer did not know and reasonably could not have known of the danger.

484 So.2d at 115.

In answering the question certified, Louisiana's highest court noted two distinct classes of unreasonably dangerous products that strict liability would govern: those products which are unreasonably dangerous *per se* and those products which are merely unreasonably dangerous. The court advised that the knowledge of the manufacturer is material to the latter category but has no relevance in an action involving the former.

The unreasonably dangerous *per se* category received this definition: "A product is unreasonably dangerous per se if a reasonable person would conclude that the danger-in-fact of the product, whether foreseeable or not, outweighs the utility of the product." *Id.* at 114. The court followed this definition with citations to several cases, including two which involved asbestos fibers. In *Elmore v. Owens-Illinois, Inc.,* 673 S.W.2d 434 (Mo.1984), the Supreme Court of Missouri rejected the state-of-the-art defense and imposed strict liability on the manufacturer of an asbestos product without regard to what the manufacturer knew or could have known about the product's danger. In *Carter v. Johns-Manville Sales Corp.,* 557 F.Supp. 1317 (E.D.Tex.1983), the court, applying Texas strict products liability precepts, held that knowledge was not relevant in a case involving a product which was unreasonably dangerous as designed.

We claim no prescience as to the universe of products which ultimately will be given the cognomen "unreasonably dangerous *per se,*" but we find it apparent from the citations and discussion in the certification response that the Supreme Court of Louisiana places asbestos in that category. Accordingly, what the manufacturer knew or could have known about the inherent danger of asbestos was irrelevant to the question of its liability for proximately-caused injury.

Guided by the opinion of the Louisiana Supreme Court as to applicable Louisiana law, we again conclude that the district court correctly disposed of the proffered state-of-the-art defense in the instant case. Accordingly, the judgment of the district court is AFFIRMED.