Frederick J. FREY, et al.,
Plaintiffs–Appellants,

v.

AMOCO PRODUCTION COMPANY,
Defendant–Appellee.

No. 90–3553.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1992.

David M. Ellison, Jr., Ellison & Smith, Frederick W. Ellis, Thomas C. McKowen, IV, Strain, Dennis, Ellis, Mayhall & Bates, Baton Rouge, La., for plaintiffs-appellants.

Frank J. Peragine, Christina H. Belew, Simon, Peragine, Smith & Redfearn, New Orleans, La., for defendant-appellee.

Before REAVLEY, KING and JONES, Circuit Judges.

PER CURIAM:

In *Frey v. Amoco Production Co.*, 943 F.2d 578 (5th Cir.1991) we decided, *inter alia*, that when a Louisiana mineral lease provides the lessor "royalty on gas sold by the Lessee of one-fifth (⅕) of the amount realized at the well from such sales," take-or-pay payments, received by the lessee from a pipeline-purchaser for gas not taken, are subject to the lessor's royalty. *Id.* at 580–86. Our decision states the meaning of this suit's royalty clause as a matter of Louisiana law. While we continue to believe in the propriety of our rationale and its consequence, Amoco convinces us in its Petition for Rehearing that the precise meaning of the royalty clause at issue in this suit carries tremendous consequences for Louisiana's gas industry and its citizens who own mineral interests in Louisiana real estate. We agree with Amoco that Louisiana's Supreme Court is the appropriate authority to decide whether the royalty clause at issue in this case requires Amoco to share take-or-pay payments with Frey, its lessor. So we exercise the certification privilege granted by Rule XII of the Rules of the Supreme Court of Louisiana.

**CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA:**

**TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF LOUISIANA:**

I. Style of the Case

The style of the case that we certify is *Frederick J. Frey, et al., Plaintiffs–Appellants, versus Amoco Production Company, Defendant–Appellee*, Case No. 90–3553, United States Court of Appeals for

**68**

the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

### II. STATEMENT OF FACTS

Our opinion at 943 F.2d 578 (5th Cir.1991) recites this case's facts, but that opinion contains one minor error. Our opinion incorrectly describes the Settlement Agreement's treatment of the $45.6 million in recoupable take-or-pay payments that Amoco received from Columbia. *See id.* at 583. The Settlement Agreement permitted Columbia to recoup the entire $45.6 million *payment* by purchasing more gas than required under the amended Morganza Contract within any of five recoupment years. Amoco has refunded the entire $45.6 million recoupable take-or-pay payment to Columbia according to the Settlement Agreement's terms.

### III. QUESTION CERTIFIED

Whether under Louisiana law and the facts concerning the Lease executed by Amoco and Frey, the Lease's clause that provides Frey a "royalty on gas sold by the Lessee of one-fifth (⅕) of the amount realized at the well from such sales" requires Amoco to pay Frey a royalty share of the take-or-pay payments that Amoco earns as a result of having executed the Lease and under the terms of a gas sales contract with a pipeline-purchaser.

### IV. CONCLUSION

We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question that we certify. The answer provided by the Louisiana Supreme Court will determine the issue on appeal in this case. We transfer to the Louisiana Supreme Court this case's record and the appellate briefs in this case with our certification.

We GRANT Amoco's Petition for Rehearing, WITHDRAW Part II.A. of our opinion published at 943 F.2d 578 and the opinion's conclusion as to the take-or-pay

issue, and CERTIFY the question stated above to Louisiana's Supreme Court.