**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**
No. 91-3220

JONATHAN P. GRUBBS,

Plaintiff-Appellant,

VERSUS

GULF INTERNATIONAL MARINE, INC., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(February 24, 1993)

ON PETITION FOR REHEARING

(Opinion October 19, 1992, 5th Cir., 1992, _____F.2d._____)

Before KING, JOHNSON, AND DAVIS, Circuit Judges.

PER CURIAM:

We decided in this case that marine protection and indemnity insurance falls within the ocean marine insurance exclusion of the Louisiana Direct Action Statute, LSA-R.S. § 22:655 (West Supp. 1992).  In reaching this conclusion, we relied primarily on the Louisiana Supreme Court's reasoning in an analogous case, **Backhus v. Transit Cas. Co.**, 549 So.2d 283 (La. 1989).  The Louisiana high court held that marine protection and indemnity insurance falls within the ocean marine insurance exclusion of the Louisiana

Insurance Guaranty Association Fund (LIGA), LSA-R.S. § 22:1375-1394 (West 1978 & Supp. 1992).  **Backhus**, 549 So.2d at 289.

Since we issued our opinion, two intermediate Louisiana appellate courts have held that an injured party <u>may</u> bring a direct action under the Louisiana Direct Action Statute on a marine protection and indemnity policy.[1]  When a state's highest court has not decided a state law question, we must give due consideration to the opinions of intermediate state appellate courts on that question.  **See Lavespere v. Niagara Mach. & Tool Works, Inc.**, 920 F.2d 259, 260 (5th Cir. 1990).  The above intermediate Louisiana appellate court decisions cast some doubt on how the Louisiana Supreme Court would resolve this issue.  Thus, we believe it appropriate to exercise the certification privilege granted by Rule XII of the Rules of the Supreme Court of Louisiana.

**CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA:**

**TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF LOUISIANA:**

### I.  Style of the Case

The style of the case that we certify is **Jonathan P. Grubbs, Plaintiff-Appellant, versus Gulf International Marine, Inc., et al., Defendants-Appellees**, No. 91-3220, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

---

[1]  **See Hae Woo Youn v. Maritime Overseas Corp.,** 605 So.2d 187 (La. Ct. App. 5th Cir. 1992); **Treadway v. Certain Underwriters at Lloyds,** No. 92-C-1500 (La. Ct. App. 4th Cir. Sept. 15, 1992).

## II.  Statement of Facts

Our opinion No. 91-3220 (5th Cir. October 19, 1992) recites this case's facts.

## III.  Question Certified

Whether the Louisiana Direct Action Statute, LSA-R.S. 22:655 (West Supp. 1992) permits an injured party to maintain a direct action against a marine protection and indemnity insurer.

## IV.  Conclusion

We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question that we certify.  The answer provided by the Louisiana Supreme Court will determine the issue on appeal in this case.  We transfer to the Louisiana Supreme Court this case's record and the appellate briefs in this case with our certification.

We GRANT Grubbs's petition for rehearing, WITHDRAW our previous opinion No. 91-3220, and CERTIFY the question stated above to the Louisiana Supreme Court.