BOYD ROSENE AND ASSOCIATES, INC., Plaintiff–Appellant,

v.

KANSAS MUNICIPAL GAS AGENCY, an interlocal municipal agency; City of Winfield, Kansas, a municipality, Defendants–Appellees.

No. 97–5216

United States Court of Appeals, Tenth Circuit.

June 2, 1999.

Marten, District Judge, would grant petition for rehearing and certification.

Before BRORBY and MURPHY, Circuit Judges and MARTEN,* District Judge.

### ORDER

MURPHY, Circuit Judge.

Appellee Kansas Municipal Gas Agency (KMGA), joined by its co-appellee City of Winfield, Kansas, has petitioned for rehearing. Its petition seeks withdrawal of the panel's decision and certification of the sole issue to the Oklahoma Supreme Court.

This dispute's long and tortuous path is pertinent to the pending petition. In *Boyd Rosene & Assoc. v. Kansas Municipal Gas Agency*, 113 F.3d 1245 (10th Cir.1997) (un-

---

* Honorable J. Thomas Marten, United States District Judge, United States District Court for the District of Kansas, sitting by designation.

published disposition) (*Rosene I*), this court affirmed the district court's decisions granting summary judgment to then-defendant KMGA and denying KMGA's cross-appeal for attorney's fees. KMGA successfully petitioned this court for rehearing *en banc*, and this court held that rather than automatically applying the law of the state providing the substantive contract law, a court must engage in a choice of law analysis in determining attorney's fees issues. *See Boyd Rosene & Assoc. v. Kansas Municipal Gas Agency*, 123 F.3d 1351, 1353 (10th Cir.1997) (*Rosene II*). On remand, the district court held that the Oklahoma attorney's fee statute (Okla.St. Ann.tit.12, § 936) was procedural under Oklahoma choice of law and awarded just over $134,000 in fees to the prevailing defendants. On appeal, this court in its third opinion in the case reversed the award of fees, holding that the Oklahoma attorney's fee statute is substantive and thus inapplicable in this case. *See Boyd Rosene & Assoc., Inc. v. Kansas Municipal Gas Agency*, 174 F.3d 1115 (10th Cir. 1999) (*Rosene III*). In so ruling, the court did not have the benefit or assistance of any controlling Oklahoma precedent.

█ The issue which KMGA now seeks to be certified to the Oklahoma Supreme Court has been the subject of three opinions in this court and addressed twice by the district court. Until now, however, no

party has even hinted at the prospect of certification nor suggested that they were anything but content to have the federal courts decide the question of whether Oklahoma's attorney's fee statute is applicable. Now, however, faced with what otherwise would likely be a final, adverse decision, KMGA proposes to eradicate *Rosene III* and all the accompanying time, energy, and resources to seek a second opinion in a different forum.

Never before has a party first requested certification after this court has issued an opinion. With the exception of instances in the Fifth Circuit,[1] this phenomenon has correspondingly not occurred in other circuits. Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already ruled. *See, e.g., Harvey E. Yates Co. v. Powell*, 98 F.3d 1222, 1229 (10th Cir.1996) (declining to certify in part because the requesting party "did not seek to certify the question [below], and only now (after receiving an adverse [district court] ruling) has asked us to do so"); *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir.1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the dis-

---

1. The Fifth Circuit has, on a number of occasions, certified an issue to a state supreme court after it had already issued a decision. *See, e.g., Grubbs v. Gulf Int'l Marine, Inc.*, 985 F.2d 762, 762 (5th Cir.1993); *Frey v. Amoco Prod. Co.*, 951 F.2d 67, 67 (5th Cir.1992); *Meloy v. Conoco, Inc.*, 794 F.2d 992, 992 (5th Cir.1986); *Halphen v. Johns–Manville Sales Corp.*, 752 F.2d 124, 124 (5th Cir.1985) (certification was denied by the Supreme Court of Louisiana); *Cowan v. Ford Motor Co.*, 713 F.2d 100, 100 (1983). The Fifth Circuit, however, appears to be alone in its willingness to certify questions after it has issued a decision. *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209–210 (8th Cir.1987) ("Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certifi-

cation be granted after a case has been decided."); *In the Matter of McLinn*, 744 F.2d 677, 681 (9th Cir.1984) ("We believe that particularly compelling reasons must be shown when certification is requested for the first time on appeal by a movant who lost on the issue below."); 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 4248 (1999) ("[T]he failure of a party to suggest certification until a late stage in the proceeding considerably weakens his insistence on certification."). Even the Supreme Court has commented on the Fifth Circuit's willingness to certify issues. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390 n. 6, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) ("The Fifth Circuit's willingness to certify is in part a product of frequent state court repudiation of its interpretations of state law.").

trict court."); *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir.1988) (denying certification in part because plaintiff "did not request certification until after the district court made a decision unfavorable to her"). This case presents the ultimate in delay.

When used properly, certification "saves time, energy, and resources, and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). A court must consider whether certification will conserve the time, energy, and resources of the parties as well as of the court itself. Whether these values are served by certifying an issue to a state supreme court is within the "sound discretion of the federal court." *Id.* Certification is never compelled, even when there is no state law governing an issue. *See Lehman Bros.*, 416 U.S. at 390–91, 94 S.Ct. 1741.

Certification may well have been an appropriate option at some time earlier in this litigation. Now, however, neither this court nor the parties would reap any conservation of time, energy, or resources were this court to grant certification. Indeed, certifying this issue to the Oklahoma Supreme Court at this late hour would be inefficient and wasteful of the parties' and the federal courts' previously expended time, energy, and resources.

For these reasons, we decline the request for rehearing and certification to the Oklahoma Supreme Court. The petition for rehearing is **DENIED**.

Judge Marten would grant the petition for rehearing and certify to the Oklahoma Supreme Court.