Gay A. ROANE, et al., Plaintiffs,

v.

KOCH INDUSTRIES, INC., et al., Defendants.

No. 85–1636–SAC.

United States District Court, D. Kansas.

June 26, 2000.

Fred H. Bartlit, Jr., Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, L. James Berglund, II, Thompson & Knight, Dallas, TX, Russell E. Brooks, Milbank, Tweed, Hadley & McCloy, Ellen A. Cirangle, Bartlit, Beck, Herman, Palencher & Scott, Denver, CO, Alex Dimitrief, Kirkland & Ellis, Chicago, IL, John T. Hickey, Jr., Kirkland & Ellis, Chicago, IL, Gregory S.C. Huffman, Thompson & Knight, Dallas, TX, Michael Paul Kirschner, Lee & Kirschner, P.L.L.C., Clifford L. Malone, Adams & Jones, Chartered, Wichita, KS, Harry L. Najim, Najim Law Offices Wichita, KS, Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, MA, Donald E. Scott, Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for Plaintiffs.

James M. Armstrong, Foulston & Siefkin L.L.P., Wichita, KS, Donald L. Cordes, Koch Industries, Inc., Wichita, KS, Robert L. Howard, Foulston & Siefkin, L.L.P., Wichita, KS, Timothy B. Mustaine, Foulston & Siefkin, L.L.P., Wichita, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendants' motion to certify a choice-of-law question to the Kansas Supreme Court. (Dk.962). The defendants specifically request the following question to be certified: "Under Kansas law, what state's law applies to non-federal fraud claims arising from the single-transaction purchase of a large block of minority stock in a Kansas corporation?" (Dk.962, p. 3). The plaintiffs oppose the motion arguing: (1) the Tenth Circuit's decision and mandate precludes the district court from revisiting or reconsidering the choice-of-law issue; (2) the defendants waived their challenge to the district court's prior ruling on this issue; (3) the defendants are unable to satisfy the required elements for certification; and (4) certification would be futile. The defendants' reply brief addresses these different arguments. Saying the defendants have cited cases incorrectly and also misstated their arguments, the plaintiffs move for leave to file a surreply. (Dk.974). The court denies the motion for leave, as the matters have been fully and adequately briefed and the plaintiffs' surreply adds nothing meaningful or substantial to the court's consideration of these matters.

## PROCEDURAL BACKGROUND

Prior to the jury trial that commenced in April of 1998, the court requested certain plaintiffs to address the choice-of-law issue that appeared in the pretrial order. The court ruled on that issue in an order published at *Koch v. Koch Industries, Inc.*, 2 F.Supp.2d 1416 (D.Kan.1998). The court considered and rejected the defendants' argument that the complexity and size of this case compels the application of one law, Kansas law, to the common-law tort claims of all plaintiffs. The court similarly was not persuaded by the defendants' contention that the Kansas Supreme Court would abandon the *lex loci delicti* doctrine in favor of the "most significant relationship" test set fourth in the *Restatement (Second) of Conflict of Laws* § 188 (1971). The court concluded that under Kansas choice-of-law principles the law of Texas would apply to the fraud claims found in Count VI of the third amended complaint.

The district court applied what it believed to be Texas law in its rulings and jury instructions on those Texas fraud claims. The district court instructed the

jury defining materiality in objective terms for the plaintiffs' Kansas and Texas law claims. On appeal, the "Texas plaintiffs" (Gay Roane, Holly Farabee and Ronald Borders) argued that Texas law defines materiality subjectively. In addressing this contention, the Tenth Circuit first noted that the defendants had waived appellate review of the district court's decision on the choice-of-law decision:

> Although the Defendants contend that the district court erred in its choice of law decision allowing the Texas Plaintiffs to proceed on two Texas state law claims, the Defendants nonetheless expressly waived review of that determination on appeal because they believe Kansas and Texas law do not differ on the issue.

203 F.3d at 1231 n. 18. The Tenth Circuit further concluded that a subjective materiality standard applied to the plaintiffs' Texas claims of common-law fraud and the violation of § 27.01 of the Texas Business & Commercial Code. As a result, the panel held that the district court "committed reversible error with respect to the Texas Plaintiffs' claims when it instructed the jury to determine objectively whether the Defendants' misrepresentations and omissions were material." 203 F.3d 1202, 1233 (10th Cir.2000). The Tenth Circuit affirmed the district court's judgment in this case except for "the Texas Plaintiffs' claims under state common law fraud and section 27.01 of the Texas Business & Commercial Code" and reversed and remanded for further proceedings on these two claims. 203 F.3d at 1239.

## LAW OF THE CASE DOCTRINE [1]

In its most common terms, the law of the case functions as a doctrine that " 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.' " *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) and 1B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* ¶ 0.404[1], p. 118 (1984)). "The doctrine of law of the case comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (citation omitted).

■ For purposes of this case, the court is most concerned with how this doctrine operates on a district court following an appellate court decision. "The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy." *Guidry v. Sheet Metal Workers Local International Association, Local No. 9*, 10 F.3d 700, 705 (10th Cir.1993), *modified on other grounds*, 39 F.3d 1078 (10th Cir.1994), *cert. denied*, 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 556 (1995). In other words, when an appellate court issues a decision and remands the case, then the district court must be obedient in carrying out the higher court's mandate. 18 *Moore's Federal Practice* § 134.23[1][a] (3d ed.1999). This "nondiscretionary aspect of the law of the case doctrine is sometimes called the 'mandate rule.' " *Id.* (citing in part *United States on Behalf of Dept. of Labor v. Insurance Co. of North America*, 131 F.3d 1037, 1041 (D.C.Cir.1997)). This rule covers those issues that are decided explicitly or are resolved implicitly. *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1410 (10th Cir.1996), *cert. dis-*

---

1. Research reveals this doctrine overflows with rules that are not only inconsistent on their face but in their application. The court is unable to explain the inconsistencies as simply individualized approaches taken by the different circuits. Though the commentaries attempt to categorize the various rules, the court is unable to see how the Tenth Circuit's case law lends itself to any such clear categorization of holdings. Still, the court believes the above discussion fairly represents the parameters of this doctrine set by the Supreme Court and the Tenth Circuit. The court intends to apply the doctrine as so stated above.

*missed,* 520 U.S. 1152, 117 S.Ct. 1331, 137 L.Ed.2d 491 (1997); *Guidry,* 10 F.3d at 705. In sum, "[l]aw of the case principles do 'not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded.'" *Wilmer v. Board of County Commissioners of Leavenworth County,* 69 F.3d 406, 409 (10th Cir.1995) (quoting *United States v. Caterino,* 29 F.3d 1390, 1395 (9th Cir.1994), *overruled on other grounds, Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)). Put another way, "when further proceedings follow a general remand, the lower court is free to decide anything not foreclosed by the mandate issued by the higher court." *Guidry,* 10 F.3d at 706 (quotations omitted).

The Tenth Circuit has been quite careful to limit this non-discretionary rule only to those issues on which the appellate court actually decides the merits. The rule does not extend to issues decided on procedural grounds:

> Thus, when a dispositive procedural deficiency has obviated or deflected consideration of the underlying merits of a claim, the law of the case doctrine does not reach through that procedural ruling to enshrine a substantive determination never in fact made. *See, e.g., DeWeerth v. Baldinger,* 38 F.3d 1266, 1271 (2d Cir.1994) (law of the case not implicated by denial of motion to recall mandate as procedurally unnecessary in light of adequate remedy available in district court)[, *cert. denied,* 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994) ]; *Caterino,* 29 F.3d at 1395–96 (law of the case not implicated by affirmance based on waiver of issue); *Borger v. Yamaha Int'l Corp.,* 625 F.2d 390, 395 (2d Cir. 1980) (law of the case not implicated by affirmance of order denying JNOV motion on timeliness grounds).

*Wilmer,* 69 F.3d at 409; *but see Martinez v. Roscoe,* 100 F.3d 121, 123 (10th Cir. 1996) ("Under the doctrine of law of the case, 'a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so exist-

ed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'") (quoting *Capps v. Sullivan,* 13 F.3d 350, 353 (10th Cir.1993) (quotation omitted)) (This holding may be distinguishable in that the rule is being applied in the appellate court based on the parties' failure to assert the issue in a prior appeal). "[T]he mere fact that [an issue] could have been decided is not sufficient to foreclose the issue on remand." *United States v. Insurance Co. of North America,* 131 F.3d at 1041 (quotation omitted). The Tenth Circuit did not consider and decide the merits of the choice-of-law issue simply because the defendants here could have raised the choice-of-law issue but chose to waive it.

■ The Tenth Circuit has identified three circumstances by which a court may determine that an issue has been implicitly decided in a prior appeal for purposes of the law of the case doctrine:

> (1) resolution of the issue was a necessary step in resolving the earlier appeal; (2) resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated.

*Guidry,* 10 F.3d at 707; *see also Rishell,* 94 F.3d at 1410. While contending that the first two circumstances are present here, the plaintiffs offer nothing more than their opinion that the choice-of-law issue "was indispensable to the Tenth Circuit's finding of reversible error." (Dk.970, p. 3). There is no dispute that the Tenth Circuit could have addressed the choice-of-law issue as a possible other ground for affirming the judgment on a different ground. *See Cherokee Pump & Equipment Inc. v. Aurora Pump,* 38 F.3d 246, 249 (5th Cir.1994). It seems a stretch, however, to conclude that it was a necessary step or that the Tenth Circuit must

have considered this issue in deciding to reverse the judgment. If this issue was implicitly decided, then the Tenth Circuit had no reason to find that the defendants had expressly waived it. Moreover, such logic would necessarily embrace all possible other grounds for an affirmance. Considering the complexity of the appeal and the numerous issues raised, the more sensible reading of the Tenth Circuit's opinion is that the panel was content to avoid the choice-of-law issue based on what was seen as the defendants' express waiver of the issue. In conclusion, the non-discretionary mandate rule does not bar the district court from revisiting the choice-of-law issue.

## CERTIFICATION

"Certification is a useful procedure" commended by the Supreme Court. *Copier By and Through Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir.1998) (citations omitted). "It is well-established law in this circuit that '[c]ertification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled.'" *Neustrom v. Union Pacific R. Co.*, 156 F.3d 1057, 1065 (10th Cir.1998) (quoting *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir.1990)). On the other hand, certification is never compelled, *see Lehman Brothers v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974), and should not "be routinely invoked whenever" a new or unsettled question of state law is raised, *Copier By and Through Lindsey v. Smith & Wesson Corp.*, 138 F.3d at 838. Indeed, "under the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain." *Id.* (citing *Meredith v. City of Winter Haven*, 320 U.S. 228, 235, 64 S.Ct. 7, 88 L.Ed. 9 (1943)[2]).

Certification is a matter committed to the federal court's sound discretion. *Boyd Rosene and Associates v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir.1999). "When used properly, certification 'saves time, energy, and resources, and helps build a cooperative judicial federalism.'" *Id.* (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974)). In exercising its discretion, the federal court considers whether these values would be served by certification. *Id.* It is not surprising then that "[l]ate requests for certification are rarely granted ... and are generally disapproved." *Id.* For the same reasons, certification is generally denied when the requesting party seeks it only after receiving an adverse district court ruling. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir.1994).

The defendants argue against viewing this case as normal in which their delay in seeking certification should be held against them. In their opinion, if certification on this narrow issue affecting only a few of the plaintiffs with smaller stakes had been sought earlier, then the entire case would have been delayed. The court does not consider the arguments to be viable excuses for the defendants' waiting to seek certification until after the district court ruled adversely and the appellate court found the defendants to have waived the choice-of-law issue.

In count VI of the third-amended complaint filed in 1992, certain plaintiffs asserted common-law fraud actions under the laws of other states, including Texas, Oklahoma and Mississippi. (Dk.522, p. 80). The defendants took no immediate steps to challenge the applicability of these other state laws or to seek certification of the choice-of-law issue while discovery was

---

**2.** The Supreme Court in *Meredith* instructed:
In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment.
320 U.S. at 234, 64 S.Ct. 7.

ongoing or the summary judgment matters were pending. After the summary judgment order filed in July of 1997, the court conducted several conferences and requested the parties to brief various issues of law. No later than October of 1997, the defendants were aware that they had not been successful in obtaining a stipulation to the law from a single state forum to govern the common-law fraud actions and that the Simmons plaintiffs were still relying on law from other states. *Koch v. Koch Industries, Inc.,* 996 F.Supp. 1273, 1281 (D.Kan.1998). In fact, the defendants in the fall of 1997 also asked the court to require the Simmons plaintiffs to brief the choice-of-law issue for the district court to decide. *Id.* The court fails to see how any matters in this case would have been delayed if the defendants had sought certification of this narrow choice-of-law in the early fall of 1997 or before. The defendants' current request for certification is plainly late and subject to the general rule that disapproves of such dilatory requests.

In its earlier ruling on the choice of law issue, the district court said, in part:

> In light of the Supreme Court's holding in *Shutts,* the court does not believe it can apply only the law of Kansas in this case without doing serious violence to the Kansas choice of law principles and the constitutional principles that constrain their application. Even assuming that the single application of law rule the defendants have extracted from *Shutts* was still good law, the obvious problems attendant with dealing with the law fifth or more forums is easily distinguishable from the convolutions involved in this case.

*Koch v. Koch Industries, Inc.,* 2 F.Supp.2d at 1422. The "convolutions" cited by the defendants at that time are not present now. The only plaintiffs remaining in this case are the Texas plaintiffs, and their only legal theories remaining are Texas common law fraud and section 27.01 of the Texas Business & Commercial Code. The practical considerations undergirding the defendants' advocated rule from *Shutts* simply do not exist in this case as it currently stands.

Nor does it seem a prudent use of time, energy, and resources in this case to certify the question whether the Kansas Supreme Court would abandon the *lex loci delicti* doctrine in favor of the "most significant relationship" rule found in the Restatement (Second) of Conflict of Laws. As the court observed earlier, the Kansas Supreme Court "has consistently followed the *lex loci* rule" even after saying in *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.,* 245 Kan. 258, 270, 777 P.2d 1259 (1989), *cert. denied,* 493 U.S. 1036, 110 S.Ct. 758, 107 L.Ed.2d 774 (1990), that it reserved consideration of this other rule "for another day." 2 F.Supp.2d at 1422. During the past two years, the Kansas Supreme Court has not found any occasion for reconsidering the *lex loci* rule or even given any further indication of reconsidering it.

In sum, the court does not find that certification here would further the interests and values behind this procedure. In addition, the court sees the requested certification as little more than the defendants' effort to assert now in another forum the very arguments that they expressly chose not to assert on direct appeal as an alternative ground for affirmance. To grant the defendants' motion to certify would be to reward a side for intentionally presenting issues in a piecemeal fashion. The court believes such conduct deserves no reward.

IT IS THEREFORE ORDERED that the defendants' motion to certify the choice-of-law question to the Kansas Supreme Court. (Dk.962) is denied;

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file a surreply (Dk.974) is denied.