**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOYD ROSENE AND ASSOCIATES,
INC.,

        Plaintiff-Appellant,

v.

    No. 97-5216

KANSAS MUNICIPAL GAS
AGENCY, an interlocal municipal
agency; CITY OF WINFIELD,
KANSAS, a municipality,

        Defendants-Appellees.

**ORDER**
Filed June 2, 1999

Before **BRORBY** and **MURPHY,** Circuit Judges and **MARTEN,**[*] District Judge.

**MURPHY**, Circuit Judge.

    Appellee Kansas Municipal Gas Agency (KMGA), joined by its co-appellee

City of Winfield, Kansas, has petitioned for rehearing.  Its petition seeks

---

[*]Honorable J. Thomas Marten, United States District Judge, United States
District Court for the District of Kansas, sitting by designation.

withdrawal of the panel's decision and certification of the sole issue to the Oklahoma Supreme Court.

This dispute's long and tortuous path is pertinent to the pending petition. In *Boyd Rosene & Assoc. v. Kansas Municipal Gas Agency*, 113 F.3d 1245 (10th Cir. 1997) (unpublished disposition) (*Rosene I*), this court affirmed the district court's decisions granting summary judgment to then-defendant KMGA and denying KMGA's cross-appeal for attorney's fees. KMGA successfully petitioned this court for rehearing *en banc*, and this court held that rather than automatically applying the law of the state providing the substantive contract law, a court must engage in a choice of law analysis in determining attorney's fees issues. *See Boyd Rosene & Assoc. v. Kansas Municipal Gas Agency*, 123 F.3d 1351, 1353 (10th Cir. 1997) (*Rosene II*). On remand, the district court held that the Oklahoma attorney's fee statute (Okla. St. Ann. tit. 12, §936) was procedural under Oklahoma choice of law and awarded just over $134,000 in fees to the prevailing defendants. On appeal, this court in its third opinion in the case reversed the award of fees, holding that the Oklahoma attorney's fee statute is substantive and thus inapplicable in this case. *See Boyd Rosene & Assoc., Inc. v. Kansas Municipal Gas Agency*, No. 97-5216, 1999 WL 212078 (10th Cir. Apr. 13, 1999)(*Rosene III*). In so ruling, the court did not have the benefit or assistance of any controlling Oklahoma precedent.

The issue which KMGA now seeks to be certified to the Oklahoma Supreme Court has been the subject of three opinions in this court and addressed twice by the district court. Until now, however, no party has even hinted at the prospect of certification nor suggested that they were anything but content to have the federal courts decide the question of whether Oklahoma's attorney's fee statute is applicable. Now, however, faced with what otherwise would likely be a final, adverse decision, KMGA proposes to eradicate *Rosene III* and all the accompanying time, energy, and resources to seek a second opinion in a different forum.

Never before has a party first requested certification after this court has issued an opinion. With the exception of instances in the Fifth Circuit,[1] this

---

[1]The Fifth Circuit has, on a number of occasions, certified an issue to a state supreme court after it had already issued a decision. *See, e.g.*, *Grubbs v. Gulf Int'l Marine, Inc.*, 985 F.2d 762, 762 (5th Cir. 1993); *Frey v. Amoco Prod. Co.*, 951 F.2d 67, 67 (5th Cir. 1992); *Meloy v. Conoco, Inc.*, 794 F.2d 992, 992 (5th Cir. 1986); *Halphen v. Johns-Manville Sales Corp.*, 752 F.2d 124, 124 (5th Cir. 1985) (certification was denied by the Supreme Court of Louisiana); *Cowan v. Ford Motor Co.*, 713 F.2d 100, 100 (1983). The Fifth Circuit, however, appears to be alone in its willingness to certify questions after it has issued a decision. *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209-210 (8th Cir. 1987) ("Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided."); *In the matter of* McLinn, 744 F.2d 677, 681 (9th Cir. 1984) ("We believe that particularly compelling reasons must be shown when certification is requested for the first time on appeal by a movant who lost on the issue below."); Charles Alan Wright et al., Federal Practice & Procedure, § 4248 (1999) ("[T]he failure of a party to suggest certification until a late stage in the proceeding

(continued...)

3

phenomenon has correspondingly not occurred in other circuits. Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the *district court* has already ruled. *See, e.g.*, *Harvey E. Yates Co. v. Powell*, 98 F.3d 1222, 1229 (10 th Cir. 1996) (declining to certify in part because the requesting party "did not seek to certify the question [below], and only now (after receiving an adverse [district court] ruling) has asked us to do so"); *Messengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10 th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."); *Armijo v. Ex Cam, Inc*., 843 F.2d 406, 407 (10 th Cir. 1988) (denying certification in part because plaintiff "did not request certification until after the district court made a decision unfavorable to her"). This case presents the ultimate in delay.

When used properly, certification "saves time, energy, and resources, and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974). A court must consider whether certification will conserve the time, energy, and resources of the parties as well as of the court itself.

---

[1](...continued)
considerably weakens his insistence on certification."). Even the Supreme Court has commented on the Fifth Circuit's willingness to certify issues. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390 n.6 (1974) ("The Fifth Circuit's willingness to certify is in part a product of frequent state court repudiation of its interpretations of state law.").

Whether these values are served by certifying an issue to a state supreme court is within the "sound discretion of the federal court." *Id*. Certification is never compelled, even when there is no state law governing an issue. *See Lehman Bros*., 416 U.S. at 390-91.

Certification may well have been an appropriate option at some time earlier in this litigation. Now, however, neither this court nor the parties would reap any conservation of time, energy, or resources were this court to grant certification. Indeed, certifying this issue to the Oklahoma Supreme Court at this late hour would be inefficient and wasteful of the parties' and the federal courts' previously expended time, energy, and resources.

For these reasons, we decline the request for rehearing and certification to the Oklahoma Supreme Court. The petition for rehearing is **DENIED**.

Judge Marten would grant the petition for rehearing and certify to the Oklahoma Supreme Court.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOYD ROSENE AND ASSOCIATES,
INC.,

      Plaintiff-Appellant,

v.

KANSAS MUNICIPAL GAS
AGENCY, an interlocal municipal
agency; CITY OF WINFIELD,
KANSAS, a municipality,

      Defendants-Appellees.

No. 97-5216

Appeal from the United States District Court
for the N. District of Oklahoma
(D.C. No. 95-CV-674-B)

Mark Banner, of Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa,
Oklahoma (Steven M. Harris and Michael D. Davis, of Doyle & Harris, Tulsa,
Oklahoma, with him on the briefs) for Appellant, Boyd Rosene and Associates,
Inc.

Richard B. Noulles, of Gable, Gotwals, Mock, Schwabe, Kihle, Gaberino, (M.
Benjamin Singletary, of Gable, Gotwals, Mock, Schwabe, Kihle, Gaberino, Tulsa,
Oklahoma, with him on the brief, for Appellee, Kansas Municipal Gas Agency; J.
David Jorgenson, of Inhofe, Jorgenson, Balman & Waller, P.C., Tulsa, Oklahoma,
for Appellee, City of Winfield, Kansas).

Before **BRORBY** and **MURPHY,** Circuit Judges and **MARTEN,**[*] District Judge.

---

**MURPHY**, Circuit Judge.

---

Boyd Rosene and Associates, Inc., appeals an award of attorney's fees granted to Kansas Municipal Gas Agency and the City of Winfield, Kansas. Rosene argues on appeal that under Oklahoma choice-of-law principles, Kansas law applies and the grant of attorney's fees to the defendants pursuant to Oklahoma Statute § 936 was inappropriate. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court concludes that Oklahoma choice-of-law principles would compel the application of Kansas law on attorney's fees. Because Kansas disallows recovery of attorney's fees in the absence of a contractual or statutory provision to the contrary, the district court's award of attorney's fees is **Reversed**.

## I. Background

Boyd Rosene and Associates, Inc. ("Rosene"), sued Kansas Municipal Gas Agency ("KMGA") and the City of Winfield, Kansas ("Winfield") in a breach of contract and tort action. Rosene filed its diversity action in federal court in the

---

[*]Honorable J. Thomas Marten, United States District Judge, United States District Court for the District of Kansas, sitting by designation.

Northern District of Oklahoma. In a paragraph entitled "Choice of Law," the underlying contract provided that it was to be governed and construed in accordance with Kansas law but was silent on the issue of attorney's fees. The district court entered summary judgment in favor of the defendants, KMGA and Winfield, and ordered all parties to pay their own attorney's fees. The district court's decision was initially affirmed on appeal. *See Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, Nos. 96-5199, 96-5209, 96-5211, 1997 WL 297677 (10th Cir. June 5, 1997) (*Rosene I*). KMGA and Winfield, however, successfully petitioned for rehearing *en banc* on the issue of their entitlement to attorney's fees.

Upon rehearing *en banc*, this court clarified *Bill's Coal Co. v. Board of Public Utilities*, 887 F.2d 242 (10th Cir. 1989), and held that in a contract suit, "rather than automatically applying the law of the state providing the substantive contract law, a district court must first apply the forum state's choice-of-law rules in resolving attorney's fees issues." *Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1353 (10th Cir. 1997) (*Rosene II*). The en banc court remanded the case to the district court for the application of Oklahoma's choice-of-law rules in resolving defendant's claims for attorney's fees. *See id.*

In applying Oklahoma's choice-of-law rules, the district court noted that matters of procedure, in contrast to matters of substantive law, are governed by

the law of the forum. The district court then held that Oklahoma's attorney's fee statutes are procedural, not substantive, and proceeded to apply Oklahoma statute § 936, which provides for the imposition of attorney's fees in a breach-of-contract claim.[1] The court concluded that KMGA and Winfield were entitled to reasonable attorney's fees on Rosene's breach-of-contract claim and ordered that Rosene pay $100,365.88 to KMGA and $33,727.26 to Winfield.

## II. Discussion

Review of a district court's determinations of state law in a diversity case is *de novo*. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991); *Mitchell v. State Farm Fire & Cas. Co.*, 902 F.2d 790, 792-93 (10th Cir. 1990) (reviewing choice-of-law determination in diversity case *de novo*). Underlying factual determinations are reviewed for clear error. *See Mid-America Pipeline Co. v. Lario Enters.*, 942 F.2d 1519, 1524 (10th Cir. 1991).

---

[1] Section 936 provides:

> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. St. Ann. tit. 12, § 936 (West 1988).

**A. Choice of law: General Principles**

A federal court sitting in diversity must engage in a two-step inquiry. *See Servicios Comerciales Andinos, S.A. v. General Electric Del Caribe, Inc.,* 145 F.3d 463, 479 (1st Cir. 1998). First, the court must determine whether a particular matter is procedural or substantive for *Erie Railroad Co. v. Tompkins* purposes. 304 U.S. 64 (1938). If the matter is procedural, then federal law applies; if the matter is substantive, then the court follows the law of the forum state. *See Erie*, 304 U.S. at 78 (holding that federal court sitting in diversity must apply state substantive law). Second, if the court has determined that the matter is substantive, then it looks to the substantive law of the forum state, including its choice of law principles, to determine the applicable substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994). These two steps are distinct inquiries; thus, what is substantive or procedural for *Erie* purposes is not necessarily substantive or procedural for choice-of-law purposes. *See Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988) (rejecting notion that "there is an equivalence between what is substantive under the *Erie* doctrine and what is substantive for purposes of conflict of laws" (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108 (1945)). Consequently, even though attorney's fees are substantive for diversity

5

purposes, *see King Resources Co. v. Phoenix Resources Co.*, 651 F.2d 1349, 1353 (10th Cir. 1981), they are not thereby necessarily substantive under Oklahoma choice-of-law rules.

**B.  Oklahoma Choice of Law**

Oklahoma choice-of-law principles require a court to apply Oklahoma rules to procedural matters even when those principles require the application of the substantive law of another jurisdiction.  *See Veiser v. Armstrong*, 688 P.2d 796, 799 n.6 (Okla. 1984) ("In a conflict-of-law analysis matters of procedure are governed by the law of the forum.") (citing *Northern Pac. Ry. Co. v. Babcock*, 154 U.S. 190, 194 (1894)); *cf. Restatement (Second) of Conflict of Laws* § 122 (1971) ("A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."). Unfortunately, Oklahoma law is silent[2] on the

_____

[2] In its reply brief, Rosene argues that UCC § 1-105's choice-of-law provision supersedes Oklahoma common-law choice-of-law rules and requires the application of Kansas law to the remedies.  *See* Okla. Stat. tit. 12A, §1-105. Rosene's argument misses the mark because it presupposes that attorney's fees are substantive.  Were this court to decide that attorney's fees are procedural, the law of the forum would apply regardless of a substantive-law provision such as UCC § 1-105.

Although this court concludes that attorney's fees are substantive, we nonetheless decline to address Rosene's argument because it comes too late in the day.  Rosene never raised this argument in the district court and only made the argument on appeal in its reply brief, constituting waiver on two grounds.  *See Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995) (issue raised for first time on appeal will not be reviewed except for most manifest error); *State*

(continued...)

6

classification of attorney's fees as substantive or procedural for choice-of-law

purposes.[3]  Nonetheless, it is this court's responsibility to ascertain how the

Oklahoma Supreme Court would decide the choice-of-law issue.[4]  *See Klaxon*,

313 U.S. at 496-97; *First Nat. Bank of Durant v. Trans Terra Corp. Int'l*, 142

F.3d 802, 806 (5th Cir. 1998).

Oklahoma courts have classified attorney's fees as procedural, but did so in

---

[2](...continued)
*Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise issue in opening brief constitutes waiver).

[3] KMGA proffers *Gable & Gotwals Pension Plan & Trust v. Southwest Med. Ctr.-Moore, Inc*. to support its claim that Oklahoma considers attorney's fees to be procedural for choice-of-law purposes.  In *Gable*, the Oklahoma court of appeals held that attorney's fees are procedural for purposes of choice of law. *See* No. 84,241, slip op. at 4 (Okla. Ct. App. Apr. 26, 1996).  Unfortunately, *Gable* is unpublished and Oklahoma does not permit unpublished opinions to be considered as precedential.  *See* Okla. Stat. tit. 12, § 15, app. 1, Rule 1.200(b)(5) (West 1998) ("Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court or cited in any brief or other material presented to any court, except to support a claim of res judicata, collateral estoppel, or law of the case.").  Furthermore, in making its decision, the *Gable* court relied upon the retroactivity cases discussed *infra* and made no effort to explain their applicability to choice-of-law considerations.  *See id.*

[4] KMGA argues that because the attorney's fee statute is located in the civil procedure portion of the Oklahoma statutes and not among the substantive provisions of the statutes, the Oklahoma legislature viewed § 936 as procedural and not substantive.  This argument fails because Title 12 of the Oklahoma Statutes, which contains the fee statute in issue, also contains substantive-law provisions, such as Oklahoma's law on libel and slander, and its law pertaining to change of name.  *See* Okla. Stat. tit.12, §§ 1441-1447, 1631-1637 (West 1998).

7

the context of determining a statute's retroactive application.[5] *See, e.g.,*

*McCormack v. Town of Granite*, 913 P.2d 282, 285 (Okla. 1996) ("[S]tatutes

relating to the award of attorney fees to a prevailing party are procedural, and

subject to retrospective operation."); *Qualls v. Farmer's Ins. Co.*, 629 P.2d 1258,

1259 (Okla. 1981) ("'Taxing of attorneys' fees as costs relates to a mode of

procedure.'" (quoting *Phoenix Fed. Sav. & Loan v. Great S.W. Fire Ins. Co.,* 603

P.2d 356, 358 (Okla. Ct. App. 1979) (internal quotation omitted))); *Cox v.*

*American Fidelity Assur. Co.*, 581 P.2d 1325, 1327 (Okla. Ct. App. 1977) (same);

*Jeffcoat v. Highway Contractors*, *Inc.*, 508 P.2d 1083, 1087 (Okla. Ct. App. 1972)

(holding that § 936 related only to the remedy or mode of procedure). KMGA

argues that these cases resolve the issue here.

The characterization of an issue as procedural for retroactivity purposes

cannot be so easily transplanted into a choice-of-law context. Recalling the

admonition that the substantive/procedural dichotomy for *Erie* purposes is not the

---

[5] Although two cases concluded that attorney's fees are substantive for retroactivity purposes, the rulings were limited to the context of permanent-total-disability cases in which the award of attorney's fees was statutorily "dependent upon the award of compensation benefits itself, which is substantive." *Burr v. Snitker*, 865 P.2d 1258, 1259-60 (Okla. Ct. App. 1993), *overruled on other grounds in Special Indem. Fund v. Weber*, 895 P.2d 292, 297-98 (Okla. 1995); *see also Ailey v. D & B Constr. Co.*, 855 P.2d 147, 149 (Okla. Ct. App. 1993), *similarly overruled by Weber*, 895 P.2d at 297-98. In these cases, the trial court's retroactive application of a new statute dictating periodic rather than lump-sum payment of attorney's fees resulted in a substantive change in the parties' vested rights to such fees. The issue here, in contrast, is entirely independent of an award of damages, rendering these cases inapplicable.

8

same for choice-of-law purposes, the *Restatement (Second) of Conflict of Laws* cautions generally that "[substantive/procedural] characterizations, while harmless in themselves, have led some courts into unthinking adherence to precedents that have classified a given issue as 'procedural' or 'substantive,' regardless of what purposes were involved in the earlier classifications." § 122 cmt. b. The *Restatement* then provides the example of a decision classifying an issue as procedural for retroactivity purposes which "might mistakenly be held controlling on the question whether [the issue] is 'procedural' for choice-of-law purposes." *Id.* The Supreme Court has iterated this principle: "The line between 'substance' and 'procedure' shifts as the legal context changes. 'Each implies different variables depending upon the particular problem for which it is used.'" *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (quoting *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108 (1945)).

The purposes underlying the substantive/procedural dichotomies employed in retroactivity and choice-of-law cases are completely different. In the choice-of-law context, most matters are treated as substantive. Only in particular instances should a court consider a matter to be procedural. If a case "has foreign contacts and . . . many issues in the case will be decided by reference to the local law of another state," a state should label an issue "procedural" and thus apply its own law only when to do so would serve the purpose of efficient judicial

9

administration. *Restatement* § 122 cmt. a. The range of issues relating to efficient judicial administration is narrow and includes such items as "the proper form of action, service of process, pleading, rules of discovery, mode of trial and execution and costs." *Id*; *see generally id.* ch. 6. These are matters in which it would be especially disruptive or difficult for the forum to apply the local rules of another state, and in which failure to employ another state's law will not undermine interstate comity.[6] *See id.* § 122 cmt. a.

The general presumption in retroactivity determinations is that a statute will not apply retroactively unless the legislature has clearly expressed its intent that it apply retroactively. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994). If the legislature has made its intent clear, a court need not even consider whether the statute should be classified as substantive or procedural. *See id.* at 280. Only if the legislature's intent is not clear should a court consider whether the statute is substantive or procedural. *See id.* at 275-80. The question then becomes whether the retroactive operation of the statute would alter the parties' vested rights. If the parties' vested rights would be affected, then the statute is substantive and will not be applied retroactively. Otherwise, the statute is deemed to be

---

[6] The *Restatement* notes that "[p]robably the most important function of choice-of-law rules is to make the interstate . . . system[] work well. Choice-of-law rules, among other things, should seek to further harmonious relations between states and to facilitate commercial intercourse between them." *See id.* § 6 cmt. d.

10

procedural and may apply retroactively because parties generally have a diminished reliance interest in procedural matters. *See id.*; *see also id.* at 275 n.29 (noting some instances in which procedural rules will not be applied retroactively).

Thus, the considerations entertained by a court in classifying a particular matter as procedural or substantive are quite different depending upon whether the context is choice of law or retroactive application of a statute. Choice of law analysis concerns judicial efficiency, while retroactivity analysis primarily concerns legislative intent and only secondarily considers fairness with regard to party expectations.

While the divergent purposes of retroactivity and choice-of-law analyses render the Oklahoma retroactivity precedents inapposite in this case, this court acknowledges that both inquiries share a concern about disrupting the parties' expectations. [7] Nonetheless, the roles of party expectations in each inquiry are meaningfully different.

Because conflicts of law are inevitable in a federal system, parties to a contract are empowered to and frequently do choose a particular state's law to

___

[7] The *Restatement* offers four factors to consider in classifying an issue for choice-of-law purposes, one of which is whether the parties shaped their actions with reference to the local law of a certain state. *See Restatement (Second) of Conflict of Laws* § 122 cmt. a. The parties' expectations, the *Restatement* notes, are "a weighty reason for applying [the law relied upon]." *Id.*

11

apply to the execution and interpretation of the contract. Absent special circumstances, courts usually honor the parties' choice of law because two "prime objectives" of contract law are "to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract." *Restatement* § 187 cmt. e; [8] *see also Williams v. Shearson Lehman Bros.*, 917 P.2d 998, 1002 (Okla. Ct. App. 1995) (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy); *Barnes Group, Inc. v. C & C Prods., Inc*., 716 F.2d 1023, 1029 n.10 (4th Cir. 1983) ("[P]arties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity.").

Consistent with the primacy of party expectations in determining contractual obligations, party choice of law is a significant consideration in determining whether an attorney's fees statute is substantive or procedural for state choice-of-law purposes. *See, e.g.*, *El Paso Natural Gas Co. v. Amoco Prod. Co.*, Civ. A. No. 12083, 1994 WL 728816, at *4-*5 (Del. Ch. Dec. 16, 1994) (holding that attorney's fees are procedural for choice-of-law purposes, that issue

---

[8] Party expectation plays such a significant role in contract choice of law cases that even when the parties to a contract fail to make a choice of law, the test provided by the *Restatement* to assist the court in discerning which state's law ought to govern includes consideration of the parties' expectations. *See Restatement* § 188 cmt. b ("[T]he protection of the justified expectations of the parties is of considerable importance in contracts.").

12

of applicability of Texas attorney's fee statute was substantive because contract contained a Texas choice-of-law provision); *Atchison Casting Corp. v. DOFASCO, Inc* ., No. 93-2447, 1995 WL 655183, at *8-9 (D. Kan. 1995) (concluding that issue of entitlement to attorney's fees was substantive for choice-of-law purposes in part because parties' choice-of-law provision indicated that they relied upon law of another jurisdiction).

In contrast, the parties' expectations are not given the same elevated status in retroactivity cases. Only if legislative intent is unclear are the parties' expectations considered by the court. Because parties' expectations are not critical in retroactivity cases, they were not even considered in the Oklahoma cases holding that Oklahoma's attorney's fees statute may be applied retroactively. In contrast, when determining choice-of-law issues, Oklahoma courts prioritize party expectations. *See, e.g.* , *Shearson Lehman* , 917 P.2d at 1002; *cf. Bakhsh v. JACRRC Enters.* , 895 P.2d 746, 747 (Okla. Ct. App. 1995) (holding, in choice-of-forum case, that "[p]arties to a contract may choose the jurisdiction in which all actions arising from their transaction shall be heard").

Finally, this court is not convinced that what counts as procedural for choice-of-law purposes is the same as what counts as procedural for retroactivity purposes. For support we look to the *Restatement* , to which Oklahoma courts routinely refer on issues relating to choice of law. *See, e.g.* , *Beard v. Viene* , 826

13

P.2d 990, 994-98 (Okla. 1992); *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 795-96 (Okla. 1991); *Shearson Lehman*, 917 P.2d at 1002. Chapter six of the *Restatement* is dedicated to the general rule that a forum should apply its own local rules "prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." § 122. Oklahoma follows this general rule. *See Veiser*, 688 P.2d at 799 n.6. Though not purporting to be exhaustive, chapter six of the *Restatement* surveys the matters normally considered procedural for choice-of-law purposes. [9] The section "Rules for Management of Litigation" appears to be where a loser-pays attorney's fees provision would be listed, if at all. *See id*. §§ 123-36. The procedural issues listed, however, clearly relate to vehicles by which litigation proceeds, such as service of process and notice, pleading and conduct of proceedings, burden of proof, pleading requirements for set-off or counterclaim, and enforcement of judgment, to name a few. *See id.* §§ 126, 127, 128, 131, 133. Although Oklahoma has not comprehensively addressed which matters it considers procedural for choice-of-law purposes, a few Oklahoma courts have concluded that certain issues, similar to those listed by the *Restatement*, are procedural for choice-of-law purposes. *See, e.g.*, *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla. 1984) (summary judgment standards); *Veiser*, 688 P.2d at 799 & n.6

---

[9] The *Restatement* does not similarly survey substantive matters.

14

(procedure to collaterally attack judgment); *Stephens v. Household Fin. Corp*., 566 P.2d 1163, 1165 (Okla. 1977) (set off, counterclaim, and recoupment).

This court is unable to discern any relationship between a loser-pays attorney's fees provision and the *Restatement*'s classification of procedural issues for choice-of-law purposes.[10] Moreover, KMGA fails to explain why Oklahoma's retroactivity cases compel this court to conclude that attorney's fees are also procedural in a choice-of-law context. Consequently, the retroactivity cases are not controlling in the determination of the status of attorney's fees for choice-of-law purposes. *See also DOFASCO*, 1995 WL 655183, at *7 (noting *Restatement*'s caution and rejecting contention that cases holding attorney's fees procedural in retroactivity context control in choice-of-law context (citing *Restatement (Second) of Conflict of Laws* § 122 cmt. b)).

Taking a different approach, KMGA cites to two cases to support its argument that "under Oklahoma law, the law of the forum governs the mode of procedure and remedy in breach of contract cases, regardless of the law applicable to the substantive contract issues." In *Clark v. First National Bank of Marseilles, Illinois*, the Oklahoma Supreme Court stated:

---

[10] *Restatement* § 130, "Methods of securing obedience to court," might include attorney's fees awarded to sanction bad-faith conduct, but not loser-pays attorney's fees. The difference between these two types of attorney's fees is discussed *infra*.

> The law of the state where the contract is entered into determines matters bearing upon its execution, interpretation, and validity, but the law of the state where the contract is sought to be enforced determines the remedy and mode of procedure in enforcing the same.

157 P. 96, 96 para. 3 (Okla. 1916) (syllabus by the court); *see also Aetna Cas. & Sur. Co. of Hartford, Conn. v. Gentry*, 132 P.2d 326, 326 para. 2 (Okla. 1942) (similar).

*Clark* and *Aetna*, however, do not address the issue here. In *Clark*, the issue before the Oklahoma Supreme Court was whether a lender who had seized the debtor's chattel in Kansas had been entitled to avail itself of Kansas-law procedures for seizing and selling mortgaged chattels. *See id.* at 97-98. After the seizure and sale in Kansas, the lender had sued the debtor on the promissory note in Oklahoma court. *See id.* at 97. That court had refused the debtor's request to assess against the lender a penalty prescribed by Illinois law for a mortgagee who fails to strictly follow the Illinois statute's procedural requirements for chattel-mortgage foreclosures. *See id.* Rejecting the debtor's argument that Illinois law, not Kansas law, governed the remedy available to a lender because the mortgage had been created and largely performed in Illinois, the court on appeal stated that:

> [T]he laws of Illinois . . . could have no applicability in the state of Kansas where [lender] sought to enforce his chattel mortgage, and that the [lender] having followed the *remedy prescribed by the laws of Kansas* . . . the [debtor] cannot be heard to complain.

157 P. at 99 (emphasis added). *Clark* did not purport to apply Oklahoma choice-

of-law rules and the language quoted by KMGA provides no insight as to how the Oklahoma Supreme Court would decide the issue here.

Although *Aetna* did involve a choice of law issue, it is of no assistance to KMGA's position. The issue in *Aetna* was whether Kansas or Oklahoma law applied, the former creating a direct cause of action by victims against a tortfeasor's insurer and the latter rejecting direct insurer liability. 132 P.2d 326, 330-31 (Okla. 1942). The contract at issue was made in Kansas, pursuant to Kansas law. *See id.* at 331. Despite the defendant's argument that the cause of action brought in Oklahoma "constitute[d] merely a procedural or remedial right under the law of [Kansas], and as such is not recognizable or enforceable under the law of Oklahoma, . . . where such a right does not exist," the court concluded that "[t]he nature of the liability on the contract . . . is governed by the law of the state where it was made." *Id*. Plainly the court concluded that the issue was substantive and thus is consistent with Oklahoma choice of law principles providing that the law of the state with the most significant relationship to the transaction and the parties governs the contract. *See, e.g., Shearson Lehman*, 917 P.2d at 1002 (citing to *Restatement* § 188, law governing in absence of effective choice by parties). Moreover, KMGA does not argue and we cannot find anything in *Aetna* to suggest that attorney's fees would also be considered procedural by the Oklahoma Supreme Court.

17

Despite the parties' arguments to the contrary, Oklahoma law provides no guidance for the classification of attorney's fees for choice-of-law purposes.

### 1.    Tenth Circuit Cases

Rosene cites to two Tenth Circuit cases to support its assertion that attorney's fees are substantive.  In *Hess Oil Virgin Islands Corp. v. UOP*, *Inc*., this court stated:

> We are convinced that the district court correctly looked to the Oklahoma conflict of laws rule to determine whether Oklahoma would apply its own statute on attorney's fees or that of the Virgin Islands where the substantive claim arose. . . . We also agree with the trial court's view that Oklahoma would apply the law of the Virgin Islands since the right of recovery of the attorney's fee is intertwined with that of the substantive right.

861 F.2d 1197, 1210 (10th Cir. 1988) (citations omitted).  Although a federal court and not an Oklahoma state court applied Oklahoma choice-of-law principles, *Hess* is the only case that discusses the issue here.  As precedent, however, *Hess* is so problematic it does not aid this court's decision.  First, *Hess* was decided before *Salve Regina College v. Russell*, in which the Supreme Court rejected the prevailing clear-error standard of review of district courts' determinations of state law and required instead that courts of appeals review such determinations *de novo*. 499 U.S. 225, 231 (1991).  More significantly, however, it is doubtful that *Hess* remains viable after *Rosene II*. *See Rosene II*,

18

123 F.3d at 1353.

Other Tenth Circuit cases also hold that attorney's fees are substantive, but they do not purport to engage in a choice-of-law analysis for Oklahoma. In *Prudential Insurance Co. of America v. Carlson*, this court stated that "[s]tatutes providing for attorneys' fees impose a liability which one may enforce as a matter of right. Such fees are put in controversy in the suit and are a part of the substantive right." 126 F.2d 607, 611 (10th Cir. 1942). *Prudential*, however, employed the reasoning rejected by *Rosene II*: "Since the substantive rights of the parties are governed by the *lex loci*, it follows that the law of [the state where the contract was made] . . . governs the right to recover attorneys' fees." *Id.*; *see also R.L. Clark Drilling Contractors v. Schramm, Inc.*, 835 F.2d 1306, 1309 (10th Cir. 1987) (citing *Prudential*).

KMGA points to *A.T. Clayton & Co. v. Missouri-Kansas-Texas Railroad Co.* to support its claim that the Tenth Circuit has "effectively recognized the procedural nature of Oklahoma's attorney fee statutes." 901 F.2d 833 (10th Cir. 1990). In *Clayton* the issue was whether an Oklahoma attorney's fee statute was preempted by a federal statute, the Carmack Amendment, previously determined to preempt state common law remedies. *See id.* at 834-35. The *Clayton* court relied upon a Supreme Court decision concluding that a Texas attorney's fee statute was not preempted by the Carmack Amendment because the Texas statute

did not contradict or burden the Carmack Amendment. *See id.* (quoting *Missouri, Kansas & Texas Ry. Co. v. Harris*, 234 U.S. 412, 419-21 (1914)). The *Clayton* court concluded that, similar to the Texas statute, the Oklahoma statute "simply provides an incidental compensatory allowance for the expense of employing an attorney" and does not "substantively enlarge the responsibility of the carrier." *See id.* at 835 (construing Okla. Stat. tit. 12, § 940A (1981)). KMGA argues that the Clayton court's willingness to apply the Oklahoma attorney's fee statute even when the case was substantively governed by the law of another jurisdiction indicated the court's view that the statute was procedural.

*Clayton*, however, is completely devoid of state choice-of-law analysis, and the court's conclusion that an Oklahoma attorney fee statute had a *de minimis* effect on a defendant's liability under the Carmack Amendment contributes nothing to the discussion here. Unlike choice-of-law principles which are a zero-sum game (either state A or state B's law will be applied), preemption law permits the concurrent application of state and federal law if the state law is not inconsistent with the federal law. *See Gade v. National Solid Wastes Management Ass'n*., 505 U.S. 88, 98-99 (1992) (discussing conflict preemption). Moreover, because federal procedural law is applicable in federal courts, the procedural or substantive nature of Oklahoma's attorney's fee statute was irrelevant. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

20

## 2. Other Jurisdictions

KMGA cites the Wyoming Supreme Court decision *Smithco Engineering, Inc. v. International Fabricators, Inc.* for the proposition that § 936, the Oklahoma attorney's fee statute at issue here, is procedural. 775 P.2d 1011, 1017-1019 (Wyo. 1989). The issue in *Smithco* was whether, by virtue of contract situs, the party who sued in Wyoming could nonetheless "[utilize] the Oklahoma attorneys' fees . . . statute" in Wyoming. *Id.* at 1017. The Wyoming Supreme Court reiterated the proposition that matters of procedure are governed by the law of the forum, even if the applicable substantive law is from another jurisdiction. *See id.* at 1018; *see also* 16 Am. Jur. 2d *Conflict of Laws* § 151 nn.35&37 (1998) (citing *Smithco*, among other cases, for this proposition); *accord Veiser*, 688 P.2d at 800 n.6 ("In a conflict-of-law analysis matters of procedure are governed by the law of the forum."). The court proceeded to hold that attorney's fees are procedural in Wyoming. *See id*. at 1018. KMGA relies upon dicta in which the court stated that "[w]e are buttressed in our view [that attorney's fees are procedural] by the fact that Oklahoma recognizes that the assessment of attorney's fees as costs under . . . § 936 . . . is procedural." *Id.*

*Smithco* is not helpful because the Wyoming Supreme Court expressly engaged in an analysis of Wyoming, not Oklahoma, choice of law. *See id.* at

1017-18. Additionally, although a state is free to consult the choice-of-law determinations of another state in deciding whether its own statute is substantive or procedural, state courts are not compelled to do so. *Cf. Nesladek v. Ford Motor Co.*, 46 F.3d 734, 737 (8 th Cir. 1995). Rather, the forum's law controls the substantive/procedural determination, and KMGA provides no support for the proposition that Oklahoma has found Wyoming choice-of-law analysis compelling enough to adopt it. *See Klaxon*, 313 U.S. at 496 (requiring federal court sitting in diversity to apply conflict-of-law rules of state in which court sits). For these reasons, *Smithco* is no more compelling than *DOFASCO*, which held that under Kansas choice-of-law principles, attorney's fees are substantive. *See DOFASCO*, 1995 WL 655183, at *9. Moreover, the Oklahoma cases upon which *Smithco* relies are the retroactivity cases already discussed and rejected as insufficiently analogous for choice-of-law purposes. *See discussion supra*, at __.

Finally, KMGA cites *City of Carter Lake v. Aetna Casualty & Surety Co*. 604 F.2d 1052 (8 th Cir. 1979). In *Carter*, the court considered whether the attorney's fee statute in the forum state, Nebraska, was substantive or procedural. *See id*. at 1062. The Eighth Circuit had only to look to the Nebraska Supreme Court, which had addressed the issue and held that the attorney's fee statute in question was procedural. *See id.* (citing *Hawkeye Cas. Co. v. Stoker*, 48 N.W.2d 623, 634 (Neb. 1951)). Had Oklahoma decided the issue before us, this decision

22

would be as easy as that in *Carter*. *Carter* is also unpersuasive because, like *Smithco*, it does not purport to apply Oklahoma choice-of-law principles. Moreover, to the extent that KMGA cites to *Carter* for the appearance of uniformity among courts who have considered the issue here, this court notes that other courts have decided that their attorney's fee statutes are substantive, not procedural, indicating that this is by no means an obvious or settled issue. For example, an Oregon state court held that because attorney's fees must be pleaded and proved, "awarding them is a matter of substantive, rather than procedural, right." *Seattle-First Nat'l Bank v. Schriber*, 625 P.2d 1370, 1373 (Or. Ct. App. 1981); *see also Aries v. Palmer Johnson, Inc*., 735 P.2d 1373, 1380 & n.3 (Ariz. Ct. App. 1987) (holding that Arizona law providing for award of attorney's fees was substantive, and citing cases from several other states); *Corrosion Rectifying Co. v. Freeport Sulfur Co.*, 197 F. Supp. 291, 292 (S.D. Tex. 1961) ("Texas authorities and other cases clearly hold the issue of attorneys' fees to be one of substantive rights . . . .").

## C. § 936 Attorney's Fees Are Substantive

The particular factual circumstances of this case lead this court to conclude that the Oklahoma Supreme Court would classify § 936 attorney's fees as substantive. This conclusion is compelled by the nature of the attorney's fees

statute at issue and the nature of the underlying contractual dispute.

**1.  The distinction between loser-pays and bad-faith attorney's fees**

This court recognizes a distinction, as do other courts and commentators, between loser-pays attorney's fees, that is, attorney's fees awarded to a party simply because it prevailed, and attorney's fees assessed for a willful violation of a court order or against a losing party who acted in bad faith, vexatiously, wantonly, or for oppressive reasons [hereinafter "bad-faith attorneys fees"].  *See, e.g.*, *Servicios Comerciales*, 145 F.3d at 480 n.9  (noting that a rule awarding loser-pays attorney's fees "has a much better claim to being 'substantive' than a rule awarding attorney's fees only as a sanction for frivolous litigation.").

Loser-pays attorney's fees are normally not within a court's inherent power. Instead, they reflect a conscious policy choice by a legislature to depart from the American rule and codify the English rule.  *See* 20 Am. Jur. 2d  *Costs*  § 57 (1995) ("Fees paid to attorneys are ordinarily not recoverable from the opposing party as costs, in the absence of express statutory or contractual authority.").  The authority to award bad-faith attorney's fees, though frequently codified, is usually within a court's inherent powers, which it has discretion to exercise in the interest of justice and efficient judicial administration.  For example, the Oklahoma Supreme Court noted that a court's inherent power to make "an award of

24

attorney's fees against an opponent under the 'bad faith' exception to the American Rule" was based upon its need "to manage its own affairs so as to achieve the orderly and timely disposition of cases." *Winters v. City of Oklahoma City*, 740 P.2d 724, 725 (Okla. 1987) (discussing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.6 (1986).

The attorney's fees provided by § 936 are not assessed for bad-faith litigation; they are instead simply granted to the prevailing party. While courts award bad-faith attorney's fees for reasons related to judicial administration, § 936 attorney's fees do not seem to fit the same rubric. *See Servicios Comerciales*, 145 F.3d at 481 n.9.

### 2. Contractual Choice of Law

Because parties are empowered to make contractual choice-of-law provisions, their expectations about the applicability of those choice-of-law provisions are a significant factor in the determination of whether an issue is substantive or procedural for choice-of-law purposes. In determining whether an issue is substantive or procedural, the *Restatement* considers whether the parties shaped their actions with reference to the local law of a certain jurisdiction. [11] *See*

_____

[11] The *Restatement* also considers whether: (1) the issue is one whose

(continued...)

*Restatement* § 122 cmt. a; *see also DOFASCO*, 1995 WL 655183, at \*8-9 (applying *Restatement* factors and concluding that attorney's fees are substantive for Kansas choice-of-law purposes).

In accord with the *Restatement*, a few courts have concluded that party reliance on contractual choice-of-law provisions compels a conclusion that attorney's fees are substantive. Even though the Supreme Court of Delaware had held that attorney's fees are "a procedural matter governed by the law of the forum," *Chester v. Assiniboia Corp*., 355 A.2d 880, 882 (Del. 1976), the Delaware Court of Chancery concluded that the parties' contractual choice of law created a substantive claim of right to attorney's fees under Texas law. *See El Paso*, 1994 WL 728816, at \*5. The facts of *El Paso* are quite similar to this case. In a breach-of-contract suit between Amoco and El Paso, the contract in question did not address attorney's fees but did contain a general choice-of-law provision designating Texas law as controlling. *See id*. Texas permits the recovery of

---

[11](...continued)
resolution would be likely to affect the ultimate result of the case; (2) the precedents have tended consistently to classify the issue as procedural or substantive for conflict-of-laws purposes; and (3) applying another jurisdiction's rules of judicial administration would unduly burden the forum. *See id.* § 122, cmt. a. We note that these remaining factors leave the decision in this case in equipoise. The attorney's fees issue will not affect the ultimate disposition of this case, which weighs in favor of KMGA. On the other hand, applying the Kansas law of attorney's fees would not unduly burden the court, which weighs in favor of Rosene. Finally, as already noted, there is no consistent classification of attorney's fees to be found in either Oklahoma or Tenth Circuit law.

attorney's fees and Delaware does not. *See id.* at *4. Amoco, the prevailing party, argued that because of the contractual choice-of-law provision, Texas law should govern and hence it should recover attorney's fees; El Paso argued that because Delaware considers attorney's fees to be procedural, the law of the forum should apply. *See id*.

The court stated that the core analysis should be "whether the issue is one that constitutes or is vitally bound up with the adjudication of the asserted substantive right." *Id*. The court noted, however, that certain attorney's fees statutes, for example, those which award attorney's fees as a result of bad-faith litigation, do not involve a substantive right. *See id*. Thus, the court reasoned, the application of the law of the forum in those instances would not be perceived as failing to afford full faith and credit to sister states, or as disappointing the reasonable expectations of either party. *See id*. Not confronted with this type of attorney's fee, the court found compelling the contractual provision that Texas law governed. *See id.* at *5. Even though the contract did not specifically address attorney's fees, the parties had nevertheless made the victor's entitlement to fees a "substantive contractual right by reason of designating as governing the law of . . . Texas." *Id*.

The *El Paso* court is not alone. In *DOFASCO* the Kansas federal district court concluded that attorney's fees were substantive in part because the contract,

27

although silent as to attorney's fees, provided for Canadian law to control, tending to show that the parties had shaped their conduct in light of Canadian law. *See DOFASCO*, 1995 WL 655183, at *8-9. *Cf. Bensen v. American Ultramar Ltd.*, No. 92 CIV. 4220, 1997 WL 317343, at *15 (S.D.N.Y. June 12, 1997) (despite conclusion that attorney's fees were procedural under New York choice of law, stating that even if law of foreign jurisdiction applied, "it would be unjust to compel plaintiff to absorb defendants' sizable legal bill when he was not aware of the possibility and did not have the opportunity to conduct the litigation accordingly"). [12]

In this case, the parties expressed in their choice-of-law provision that Kansas law would govern their agreement. They said nothing, however, about the allocation of attorney's fees. While Kansas law does not statutorily permit recovery of attorney's fees, it does not prohibit the parties from contracting to shift or allocate attorney's fees. *See* Kan. Stat. Ann. § 84-2-710, cmt.1 (1997) ("Seller's incidental damages: Attorney's fees incurred in bringing the breach of contract action, however, are not recoverable as incidental damages under this section."); *see also T.S.I. Holdings, Inc. v. Jenkins*, 924 P.2d 1239, 1254 (Kan.

---

[12] Without suggesting that the conclusion would have been different, this court notes that in *Du-Wel Products, Inc. v. United States Fire Insurance Co.*, perhaps the most cogent state court decision concluding that attorney's fees are procedural for choice-of-law purposes, the contract at issue did not contain a choice-of-law provision. *See* 565 A.2d 1113, 1120 (N.J. Super. Ct. App. Div. 1989).

1996). The parties' failure to provide for attorney's fees, in the face of their adoption of Kansas law, indicates their expectation that each party would bear its own costs. Moreover, the contract was created in 1994 when *Bill's Coal*, decided in 1989, was the law. Thus, if the parties contracted with an eye toward the applicable law, their expectation would have been that Kansas law would govern the recovery of attorney's fees. This court therefore concludes that, consistent with the parties' expectations, Oklahoma choice-of-law principles would apply Kansas law which does not allow recovery of attorney's fees absent a contractual provision to the contrary.

This decision is fully in accord with *Rosene II*. *Rosene II* states that "rather than *automatically* applying the law of the state providing the substantive contract law, a district court must first apply the forum state's choice-of-law rules." 123 F.3d at 1353 (emphasis added). *Rosene II* thus prescribes a process by which a court must abide in determining a choice-of-law issue; it does not prescribe a result. A court is not permitted to slavishly adhere to the law of the state providing the substantive law. Neither, however, is a court prohibited from weighing heavily the expectations of the contracting parties when, as here, such parties' reliance is a consideration in the forum state's choice-of-law principles.

**D. Attorney's fees as costs**

Because it seems incontrovertible that costs are procedural,[13] the question remains whether it matters that § 936 provides attorney's fees "be taxed and collected as costs." Okla. Stat. tit. 12, § 936.

Under Oklahoma law, attorney's fees are not synonymous with costs. *See Sisk v. Sanditen Inv., Ltd.*, 662 P.2d 317, 320 (Okla. Ct. App. 1983) ("The usage of the word 'costs' in a statute providing for the award thereof is not ordinarily understood to include attorney fees."). Instead, attorney's fees awards are only permitted under statutes specifically providing for recovery of attorney's fees. *See Harlow Corp. v. Bryant Exploration & Prod. Co.*, 816 P.2d 1154, 1155 (Okla. Ct. App. 1991) (holding that statute authorizing award of "costs" did not authorize trial court to award attorney's fees to prevailing party). Although costs must also be allowed by statute, Oklahoma provides for their universal award to successful plaintiffs and defendants as a matter of course. *See* Okla. Stat. tit. 12, § 928 ("Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."); *id.* § 929 (similar, defendants). That attorney's fees are taxed as

---

[13] *Restatement* § 122 states that "[a] court usually applies its own local rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." Comment *a* explains that issues of judicial administration include "the proper form of action, service of process, pleading, rules of discovery, mode of trial and execution and *costs*." (emphasis added). *Id*. cmt. a.

costs is a matter of form, not substance, and does not render attorney's fees procedural for choice-of-law purposes.

## V. Conclusion

This court concludes that § 936 attorney's fees are a substantive issue in the litigation arising from the contract between Rosene and KMGA. Accordingly, Oklahoma choice-of-law principles would compel the application of Kansas law to this issue. The judgment of the federal court in the Northern District of Oklahoma awarding attorney's fees to KMGA and Winfield is **REVERSED** and this case is **REMANDED** to the district court for entry of judgment consistent with this opinion.