427 F.3d 715
 HARTFORD INSURANCE COMPANY OF THE MIDWEST; Interstate Indemnity Insurance Company, Plaintiffs—Counter— Defendants—Appellees,
v.
Charles D. CLINE; Judith E. Davis, Defendants-Counter-Claimants-Appellants.
 No. 05-2075.
 United States Court of Appeals, Tenth Circuit.
 October 12, 2005.
 
 Mark Stout, Stout & Stout, Hobbs, NM, Barry Crutchfield, Templeman and Crutchfield, Lovington, NM, Michael B. Browde, Albuquerque, NM, for Appellants.
 Kelley J. Friedman, Larry D. Beall, Beall & Biehler, Matthew A. Pullen, April D. White, Yenson, Lynn, Allen & Wosick, Albuquerque, NM, for Appellees.
 Before SEYMOUR, HARTZ and McCONNELL, Circuit Judges.
 CERTIFICATION OF QUESTION OF STATE LAW
 HARTZ, Circuit Judge.
 
 
 1
 Under Tenth Circuit Rule 27.1 the United States Court of Appeals for the Tenth Circuit submits to the Supreme Court of New Mexico a request that the court exercise its discretion under N.M. Stat. Ann. § 39-7-1 et seq. (1978), to accept the following certified question of New Mexico law:
 
 
 2
 Is excluding domestic partners from the definition of family member in an automobile-insurance policy invalid as contrary to the public policy of the state of New Mexico?
 
 
 3
 The answer to this question may be determinative of this case now pending in this court and it appears that there is no controlling precedent in the Supreme Court of New Mexico. The New Mexico Supreme Court may reformulate the question.
 
 Procedural and Factual Background
 
 4
 This declaratory judgment action is before the court under federal diversity jurisdiction. 28 U.S.C. § 1332. Judith E. Davis was involved in an accident with Jack Ballard while driving an automobile owned by Charles D. Cline. The vehicle was insured by Hartford Insurance Company; Ms. Davis was listed on the policy as an additional driver. Mr. Cline also has a commercial automobile policy through Interstate Indemnity Insurance Company. Mr. Cline is the only named insured under the Interstate policy. Ms. Davis and Mr. Cline are pursuing coverage under both policies.
 
 
 5
 Both policies provide Uninsured Motorist/Underinsured Motorist (UM/UIM) coverage to the named insured (Mr. Cline) and to "any family member." Family member is defined in the Hartford policy as "a person related to [the named insured] by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Appx. at 3. The Interstate policy definition is essentially identical. Id. at 9.
 
 
 6
 Hartford and Interstate filed a declaratory judgment action in federal district court. The parties submitted cross-motions for summary judgment, agreeing that there were no disputed issues of fact. For purposes of their motion, Hartford and Interstate conceded that Mr. Cline and Ms. Davis "have lived together as unmarried, domestic partners for approximately six (6) years." Id. at 59. The district court ruled in favor of the insurance carriers. Although Mr. Cline and Ms. Davis made several arguments before the district court, the only substantive issue they raise on appeal is whether an insurance contract excluding domestic partners from the definition of family member is against the public policy of New Mexico. The district court found that New Mexico does not recognize common-law marriages, and that it was for the legislature and not the courts to extend coverage to domestic partners if it chose to do so. Mr. Davis and Ms. Cline filed a motion to reconsider, asking the district court to certify the issue to the New Mexico Supreme Court. The motion was denied, and the case was appealed to this court. Mr. Cline and Ms. Davis have asked us to certify the issue to the New Mexico Supreme Court.
 
 Reasons for Certification
 
 7
 Certification is within the "sound discretion of the federal court," Lehman Bros. v. Schein, 416 U.S. 386, 390-91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974), and is appropriate when it will "conserve the time, energy, and resources of the parties as well as of the court itself." Boyd Rosene & Assoc., Inc. v. Kan. Mun. Gas Agency, 178 F.3d 1363, 1365 (10th Cir.1999). Several reasons support certification here. The question presented is distinctively a state-law issue and its resolution may have broad implications; it is apparently an issue of first impression in New Mexico; the parties have stipulated that there are no factual disputes to be resolved so that all that is presented is a question of state law; and regardless of which way the question presented is resolved, it should be dispositive of this case.
 
 
 8
 We therefore certify this question to the New Mexico Supreme Court. The clerk of this court shall submit to the New Mexico Supreme Court a certified copy of this order, together with copies of the briefs filed in this court, and copies of the district court's judgment. We greatly appreciate the consideration of this request.
 
 
 9
 The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court. Because the defendants failed to seek certification before the grant of summary judgment and plaintiffs have objected to certification, the defendants are directed to pay the necessary fees and costs in accordance with the New Mexico rules. N.M. Stat. Ann. § 39-7-11 (1978). If the New Mexico Supreme Court agrees to accept the certified question, any further proceedings shall be governed by the appellate rules and statutes governing litigants before that court. N.M. Stat. Ann. § 39-7-9 (1978).
 
 Conclusion
 
 10
 The appeal is ordered ABATED pending resolution of the question certified herein.